MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARCOS      ANTONIO      SANDOVAL,
*individually and on behalf of others similarly*
*situated,*

                                    *Plaintiff*,

         -against-                                              **COMPLAINT**

SONAAL INDUSTRIES, INC.  (D/B/A REM
RESIDENTIAL      (FKA      SONAAL                    **COLLECTIVE ACTION UNDER**
INDUSTRIES)), RAMA & MANJULA LLC                        **29 U.S.C. § 216(b)**
(D/B/A REM RESIDENTIAL (FKA SONAAL
INDUSTRIES)), RAMANJU PROPERTIES,
LLC   (D/B/A REM RESIDENTIAL (FKA                            **ECF Case**
SONAAL      INDUSTRIES)),      RAMA
BROOKLYN      LLC      (D/B/A      REM
RESIDENTIAL      (FKA      SONAAL
INDUSTRIES)), METROPOLITAN AVENUE
ASSOCIATES,      INC.    (D/B/A      REM
RESIDENTIAL      (FKA      SONAAL
INDUSTRIES)), 717 NINTH LLC (D/B/A
REM   RESIDENTIAL   (FKA   SONAAL
INDUSTRIES)),          RAMA          P
MUKHOPADHYAY,          MANJULA
MUKHOPADHYAY, LEOPARDI DOE, and
MICHAEL BESSE ,

                                    *Defendants.*
-------------------------------------------------------X

        Plaintiff Marcos Antonio Sandoval ("Plaintiff Sandoval" or "Mr. Sandoval"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against Sonaal Industries, Inc. (d/b/a REM

Residential (fka Sonaal Industries)), Rama & Manjula LLC (d/b/a REM Residential (fka Sonaal Industries)), Ramanju Properties, LLC (d/b/a REM Residential (fka Sonaal Industries)), Rama Brooklyn LLC (d/b/a REM Residential (fka Sonaal Industries)), Metropolitan Avenue Associates, Inc. (d/b/a REM Residential (fka Sonaal Industries)), 717 Ninth LLC (d/b/a REM Residential (fka Sonaal Industries)), ("Defendant Corporations"), Rama P Mukhopadhyay, Manjula Mukhopadhyay, Leopardi Doe, and Michael Besse, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Sandoval is a former employee of Defendants Sonaal Industries, Inc. (d/b/a REM Residential (fka Sonaal Industries)), Rama & Manjula LLC (d/b/a REM Residential (fka Sonaal Industries)), Ramanju Properties, LLC (d/b/a REM Residential (fka Sonaal Industries)), Rama Brooklyn LLC (d/b/a REM Residential (fka Sonaal Industries)), Metropolitan Avenue Associates, Inc. (d/b/a REM Residential (fka Sonaal Industries)), 717 Ninth LLC (d/b/a REM Residential (fka Sonaal Industries)), Rama P Mukhopadhyay, Manjula Mukhopadhyay, Leopardi Doe, and Michael Besse.

2.    Defendants own, operate, or control four buildings, located at 332 W 37th Street, New York, New York 10018, at 334 W 37TH Street, New York, New York 10018, at 527 W 46th Street, New York New York 10019 and at 717 W 49th Street, New York, New York 10019, under the management and/or control of REM Residential or Sonaal Industries.

3.    Upon information and belief, individual Defendants Rama P Mukhopadhyay, Manjula Mukhopadhyay, Leopardi Doe, and Michael Besse, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the buildings as a joint or unified enterprise.

4.     Plaintiff Sandoval was employed as a superintendent at the four buildings located at 332 W 37th Street, New York, New York 10018, at 334 W 37TH Street, New York, New York 10018, at 527 W 46th Street, New York New York 10019 and at 717 W 49th Street, New York, New York 10019.

5.     At all times relevant to this Complaint, Plaintiff Sandoval worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Sandoval appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Furthermore, Defendants repeatedly failed to pay Plaintiff Sandoval wages on a timely basis.

8.     Defendants' conduct extended beyond Plaintiff Sandoval to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sandoval and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Sandoval now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Sandoval seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Sandoval's state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate four buildings located in this district. Further, Plaintiff Sandoval was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Marcos Antonio Sandoval ("Plaintiff Sandoval" or "Mr. Sandoval") is an adult individual residing in New York County, New York.

15.    Plaintiff Sandoval was employed by Defendants at REM Residential (fka Sonaal Industries) from approximately 2011 until on or about March 1, 2019.

16.    Plaintiff Sandoval consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.   At all relevant times, Defendants owned, operated, or controlled four buildings, located at 332 W 37th Street, New York, New York 10018, at 334 W 37TH Street, New York, New York 10018, at 527 W 46th Street, New York New York 10019 and at 717 W 49th Street, New York, New York 10019; in addition, Defendants' management office for the buildings is located at 210 Kingsland Avenue, Brooklyn, NY 11222 under the name "REM Residential (fka Sonaal Industries)."

18.   Upon information and belief, Sonaal Industries, Inc. (d/b/a REM Residential (fka Sonaal Industries)) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 210 Kingsland Avenue, Brooklyn, NY 11222.

19.   Upon information and belief, Rama & Manjula LLC (d/b/a REM Residential (fka Sonaal Industries)) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 210 Kingsland Avenue, Brooklyn, NY 11222.

20.   Upon information and belief, Ramanju Properties, LLC (d/b/a REM Residential (fka Sonaal Industries)) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 210 Kingsland Avenue, Brooklyn, NY 11222.

21.   Upon information and belief, Rama Brooklyn LLC (d/b/a REM Residential (fka Sonaal Industries)) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 210 Kingsland Avenue, Brooklyn, NY 11222.

22.     Upon information and belief, Metropolitan Avenue Associates, Inc. (d/b/a REM Residential (fka Sonaal Industries)) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 210 Kingsland Avenue, Brooklyn, NY 11222.

23.     Upon information and belief, 717 Ninth LLC (d/b/a REM Residential (fka Sonaal Industries)) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 210 Kingsland Avenue, Brooklyn, NY 11222.

24.     Defendant Rama P Mukhopadhyay is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rama P Mukhopadhyay is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Rama P Mukhopadhyay possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sandoval, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Manjula Mukhopadhyay is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Manjula Mukhopadhyay is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Manjula Mukhopadhyay possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of

Defendants, including Plaintiff Sandoval, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Leopardi Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leopardi Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Leopardi Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Sandoval, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Michael Besse is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Besse is sued individually in his capacity as a manager of Defendant Corporations. Defendant Michael Besse possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sandoval, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

28.    Defendants operate four buildings located in the Hell's Kitchen section of Manhattan in New York City.

29.    Individual Defendants, Rama P Mukhopadhyay, Manjula Mukhopadhyay, Leopardi Doe, and Michael Besse, possess operational control over Defendant Corporations, possess

ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    Each Defendant possessed substantial control over Plaintiff Sandoval's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sandoval, and all similarly situated individuals, referred to herein.

32.    Defendants jointly employed Plaintiff Sandoval (and all similarly situated employees) and are Plaintiff Sandoval's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.    In the alternative, Defendants constitute a single employer of Plaintiff Sandoval and/or similarly situated individuals.

34.    Upon information and belief, Individual Defendants Rama P Mukhopadhyay, Manjula Mukhopadhyay, and Leopardi Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)    defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)    transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

35.  At all relevant times, Defendants were Plaintiff Sandoval's employers within the meaning of the FLSA and New York Labor Law.

36.  Defendants had the power to hire and fire Plaintiff Sandoval, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sandoval's services.

37.  In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.  In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the buildings on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39.  Plaintiff Sandoval is a former employee of Defendants who was employed as a superintendent.

40.    Plaintiff Sandoval seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Marcos Antonio Sandoval*

41.    Plaintiff Sandoval was employed by Defendants from approximately 2011 until on or about March 1, 2019.

42.    Defendants employed Plaintiff Sandoval as a superintendent at the four buildings located at 332 W 37th Street, New York, New York 10018, at 334 W 37TH Street, New York, New York 10018, at 527 W 46th Street, New York New York 10019 and at 717 W 49th Street, New York, New York 10019.

43.    Plaintiff Sandoval regularly handled goods in interstate commerce, such as materials and other supplies produced outside the State of New York.

44.    Plaintiff Sandoval's work duties required neither discretion nor independent judgment.

45.    Throughout his employment with Defendants, Plaintiff Sandoval regularly worked in excess of 40 hours per week.

46.    From approximately March 2013 until on or about March 1, 2019, Plaintiff Sandoval worked as a superintendent at the four buildings owned, managed and operated by the Defendants from approximately 9:00 a.m. until on or about 5:00 p.m., 7 days a week. Furthermore, Plaintiff Sandoval was always on call, with emergencies and situations requiring his presence and assistance every week and which accounted for 2 to 3 hours over his scheduled workweek (typically 63 to 66 hours per week).

47.    Throughout his employment, Defendants paid Plaintiff Sandoval his wages by check.

48.    From approximately March 2013 until on or about March 1, 2019, Defendants paid Plaintiff Sandoval a fixed salary of $800 every two weeks (a fixed salary of $400 per week).

49.    Plaintiff Sandoval's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.    For example, Defendants required Plaintiff Sandoval to work an additional 2 to 3 hours past his scheduled departure time on several occasions during a week, and did not pay him for the additional time he worked.

51.    Defendants never granted Plaintiff Sandoval any breaks or meal periods of any kind.

52.    Plaintiff Sandoval was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

53.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sandoval regarding overtime and wages under the FLSA and NYLL.

54.    Defendants did not provide Plaintiff Sandoval an accurate statement of wages, as required by NYLL 195(3).

55.    Defendants did not give any notice to Plaintiff Sandoval, in English and in Spanish (Plaintiff Sandoval's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.    Defendants required Plaintiff Sandoval to purchase "tools of the trade" with his own funds—including tools for leaking and reparations of the buildings (roughly $600 to $700 per month).

*Defendants' General Employment Practices*

57.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sandoval (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

58.    Plaintiff Sandoval was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59.    Defendants' pay practices resulted in Plaintiff Sandoval not receiving payment for all his hours worked, and resulted in Plaintiff Sandoval's effective rate of pay falling below the required minimum wage rate.

60.    Defendants habitually required Plaintiff Sandoval to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

61.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

62.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sandoval (and similarly situated individuals) worked, and to avoid paying Plaintiff Sandoval properly for his full hours worked.

64.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sandoval and other similarly situated former workers.

66.     Defendants failed to provide Plaintiff  Sandoval and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67.     Defendants failed to provide Plaintiff Sandoval and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68.     Plaintiff Sandoval brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69.     At all relevant times, Plaintiff Sandoval and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

70.     The claims of Plaintiff Sandoval stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71.     Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

72.     At all times relevant to this action, Defendants were Plaintiff Sandoval's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

73.     Defendants had the power to hire and fire Plaintiff Sandoval (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

74.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76.    Defendants failed to pay Plaintiff Sandoval (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77.    Defendants' failure to pay Plaintiff Sandoval (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78.    Plaintiff Sandoval (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79.    Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

80.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Sandoval (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81.    Defendants' failure to pay Plaintiff Sandoval (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff Sandoval (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

83.    Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

84.    At all times relevant to this action, Defendants were Plaintiff Sandoval's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

85.    Defendants had the power to hire and fire Plaintiff Sandoval, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

86.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Sandoval less than the minimum wage.

87.    Defendants' failure to pay Plaintiff Sandoval the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88.    Plaintiff Sandoval was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

89.    Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

90.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Sandoval overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.    Defendants' failure to pay Plaintiff Sandoval overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.    Plaintiff Sandoval was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

93.    Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

94.    Defendants failed to provide Plaintiff Sandoval with a written notice, in English and in Spanish (Plaintiff Sandoval's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.    Defendants are liable to Plaintiff Sandoval in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

96.    Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

97.    With each payment of wages, Defendants failed to provide Plaintiff Sandoval with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.    Defendants are liable to Plaintiff Sandoval in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

99.    Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants required Plaintiff Sandoval to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

101.    Plaintiff Sandoval was damaged in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

102.     Plaintiff Sandoval repeats and realleges all paragraphs above as though set forth fully herein.

103.     Defendants did not pay Plaintiff Sandoval on a regular weekly basis, in violation of NYLL §191.

104.     Defendants are liable to Plaintiff Sandoval in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sandoval respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sandoval and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sandoval and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sandoval's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Sandoval and the FLSA Class members;

(f)    Awarding Plaintiff Sandoval and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Sandoval and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sandoval;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sandoval;

(j)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Sandoval;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Sandoval's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Sandoval;

(m)    Awarding Plaintiff Sandoval damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)    Awarding Plaintiff Sandoval damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Sandoval liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Sandoval and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Sandoval and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sandoval demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        March 22, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

March 5, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Marcos Antonio Sandoval

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                5 de Marzo

*Certified as a minority-owned business in the State of New York*