# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                          Telephone: (212) 317-1200
New York, New York 10165                                Facsimile: (212) 317-1620

michael@faillacelaw.com

January 13, 2020

**BY ECF**
Honorable Debra Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:      <u>Sandoval et al v. Sonaal Industries, Inc. et al; 19-cv-02576</u>

Your Honor:

       This office represents plaintiff Marcos Antonio Sandoval ("Plaintiff Sandoval") in the above referenced matter. Plaintiff Sandoval writes jointly with defendants Sonaal Industries, Inc. (d/b/a REM Residential (fka Sonaal Industries)), Rama & Manjula LLC (d/b/a REM Residential (fka Sonaal Industries)), Ramanju Properties, LLC (d/b/a REM Residential (fka Sonaal Industries)), Rama Brooklyn LLC (d/b/a REM Residential (fka Sonaal Industries)), Metropolitan Avenue Associates, Inc. (d/b/a REM Residential (fka Sonaal Industries)), 717 Ninth LLC (d/b/a REM Residential (fka Sonaal Industries)), ("Defendant Corporations"), Rama P Mukhopadhyay, Manjula Mukhopadhyay, Leopardi Doe, and Michael Besse (collectively, "Defendants") to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.[1]

       The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions, including a mediation. A copy of the executed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

     1. **Background**

       Plaintiff Sandoval filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA), the New York Minimum

---

[1] Defendant Rama P Mukhopadhyay has passed away and is not a signatory to the agreement. However, pursuant to the settlement, Plaintiff is willing to dismiss his claims against him with prejudice. Defendants Leopardi Doe and Michael Besse are also not signatories to the agreement; however, Plaintiff is willing to dismiss his claims against them with prejudice as well.

Page 2

Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiff Sandoval alleges he was employed by Defendants during the period from approximately 2011 until on or about March 1, 2019, that he regularly worked over 40 hours a week, and that he was paid a fixed salary per week throughout his employment that failed to appropriately compensate all his working hours.

Defendants categorically deny the allegations in the Complaint. Defendants deny that they have any liability for a failure to pay Plaintiff an hourly rate at least equal to the minimum hourly wage rate. Defendants assert that they consistently paid Plaintiff an hourly wage that was substantially higher than the minimum hourly wage rate throughout his employment. Defendants also deny that Plaintiff worked in excess of forty (40) hours per week, and deny that they have any liability for a failure to pay for overtime hours, as Defendants contend that Plaintiff never worked more than twenty (20) hours in a workweek.

2. **Settlement Terms**

Plaintiff Sandoval alleges he was entitled to back wages of approximately $86,781.50. Plaintiff Sandoval estimates that if he had recovered in full for his claims, he would be entitled to approximately $195,983.87, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff Sandoval's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $75,000. The settlement will be paid in one installment, as set forth in the Agreement.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the Litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff Sandoval's claims. While Defendants did not produce time records, they were adamant that Plaintiff worked fewer hours than he claimed, and indicated they were able and willing to provide witnesses to this effect.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

Page 3

### 3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with Plaintiff Sandoval, Plaintiff Sandoval's counsel will receive $25,000.00 from the settlement fund as attorneys' fees and costs. This represents one-third of the recovery in this Litigation (plus costs) as well as a reduction in fees from what is identified in Plaintiff Sandoval's retainer agreement, which provides that forty percent of Plaintiff Sandoval's recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $4,460. A copy of Plaintiff Sandoval's billing record is attached as "Exhibit C." Mr. Faillace's standard billing rate is $450 an hour. Mr. Barton's standard rate is $375, however, out of deference for Your Honor's past opinions, we have calculated the lodestar using a rate of $250 an hour for Mr. Barton.

While Plaintiff's counsel is asking for 5.6 times their lodestar, the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result" (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage-and-hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of each attorney who performed billed work in this matter is as follows[2]:

    i. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned

---

[2] The paralegals who performed work in this case are represented in the bill by the initials "PL", and are billed at the rate of $100 per hour.

1427545.1

Page 4

    speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii.    Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and has been recognized as a "Rising Star" by the Super Lawyers organization for the years 2016-2019.

    Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                      Respectfully submitted,

                      /s/Michael Faillace
                      Michael Faillace
                      MICHAEL FAILLACE & ASSOCIATES, P.C.
                      Attorneys for the Plaintiff

Enclosures

1427545.1